Good morning, ladies and gentlemen. Welcome to the Ninth Circuit. Please sit down. We're happy to have with us Judge Pearsall from South Dakota, who's a visiting judge and is helping us out. And we will hear the cases in the order in which they appear on the day sheet. The first case, Rosas v. Filson, has been submitted on the brief. So we'll go to United States v. Israel Torres. I should remind, before we get started, I should remind counsel for the appellants, if they wish to retain some time for rebuttal, keep your eye on the counter. My name is Daniel Kaplan. I represent the appellant, Israel Torres, and I am going to be watching the clock and attempting to save about three minutes for my rebuttal. I want to start by just mentioning the panel issued a focus letter referring us to the case of Rahaf, the Supreme Court case of Rahaf. And it may pertain to a pro se letter that my client filed with the court raising Rahaf. I want to inform the court that after Mr. Torres filed that letter, the trial attorney, Susan Anderson, and I had a telephone conversation together with Mr. Torres. And the upshot of it was he does not wish to raise any Rahaf issue in this case. He does not wish to unwind his plea agreement, and he is not inserting that issue into the case. So perhaps it would have been a better course for me to have formally The status of it is we do not think Rahaf pertains to our Second Amendment issue, and we're sticking with the plea agreement, which preserves only that issue for appeal. You've eliminated a series of questions I was going to ask you. Thank you, Your Honor. Please proceed. Turning to the Second Amendment issue, which is the one on appeal here, the government takes the position that an as-applied challenge like the one Mr. Torres is raising is completely precluded by this Court's precedent. However, there is no case the government has cited or I have found that precludes an individual whose felony, creating a disqualification from weapons possession under 922b1, was not a felony at the founding, saying that such a person cannot raise an as-applied Second Amendment challenge. But what do we do with the language of Heller, which says that felony convictions raise a rebuttable presumption of validity, any felon? I think that the key part of what you're describing is the rebuttable part. Which I wrote a concurring opinion on in Chauvin and found that it's misnamed as rebuttable, and it really should be conclusive in the language that was used. Well, I saw your concurrence at Chauvin. I would note that your concurrence doesn't firmly take a position that says that it's possible that's the case. I would hope to be able to convince Your Honor that that should be something which the Court would entertain. And I would direct the Court to the major case in the circuit courts right now. It's not the only case. There are cases within the Third Circuit. But the major circuit case that does find merit and grant relief on an as-applied Second Amendment challenge is, of course, the Binderup case from the Third Circuit. And I would note that in order to get to the Binderup analysis, the first step in applying the Chauvin method of analysis, the first step is to find the person has a protected right under the Second Amendment. The language at the footnote at the end of Phillips does say that it is at least an open issue whether someone whose felony that creates the disqualification was not a felony at the founding. Maybe that person can raise an as-applied challenge. How do we get around Vongsae? The same way, Your Honor. In Vongsae, that appellant, that individual did not raise any argument that the problem with his felony was that it wasn't a felony at the founding. The argument raised, there were two points made in Vongsae about the nature of Vongsae's that they were nonviolent and that they were only felonies in some states. There was no claim that his felonies were not felonies at the founding. And I would note that there couldn't really have been a claim in Vongsae because he had a burglary conviction. One of the felonies that created the 922G1 disqualification was burglary. That is a felony, as identified by Blackstone, certainly was a felony at the time of the founding. So Vongsae's... Driving under the influence of alcohol was not a felony at the time of the founding because there weren't any automobiles? Correct. And driving a carriage under the influence of alcohol was not a known felony? I see no indication that there was a directly analogous felony at the founding era to a DUI. In the founding era, were there any laws that say reckless conduct that may endanger other people's lives may be a felony? It's possible, Your Honor. I don't know what the extent of those were and whether they were actually felonies. I would be highly dubious that that type of crime, if it existed, would have been deemed a felony because, as I laid out in the brief, and much scholarship also lays out, felonies at the time of the founding were a very select group of very serious offenses. Typically, they were violent offenses. Not always, of course, because Phillips notes that misprision of felony was a felony at the founding. But generally speaking, the category of felony was a great deal narrower and more concentrated on serious violent crimes and largely the type of crimes that might involve the use of a weapon than they are now. Nowadays, we have filing a false crop report, returning recyclable cans from a different state in Michigan and things like that are also within the category of felony. And that's one of the reasons why I would urge Judge Bea and the rest of you to take with a grain of salt the statement in Heller to the effect that felons are simply thrust out of the entire scope of the indictment. Well, we've got Vongsay, which involves nonviolent felonies. We've got Phillips, which is misprision of a felony. That's nonviolent felony. And aren't we faced with circuit precedent, which we cannot find against as a three-judge panel under Miller v. Gammey because we are not a nonviolent bank panel? With respect to the idea that nonviolence is not the key fact in terms of whether there is or isn't a Second Amendment right, I have to concede to you under the current law that's the case. But what I am distinguishing our case from Vongsay and Phillips on is not that, it is on the not being a felony at the founding. I can't dispute that misprision of a felony is a nonviolent offense, and that was deemed to be covered by the holding of Vongsay. What language in Heller tells us that the rebuttable presumption is limited only, I mean, is applicable only to crimes which were crimes at the time, were felonies at the time of the founding? Well, I would focus on the word longstanding. It does use the phrase longstanding prohibitions, and that's something that has been scrutinized quite a bit in the case law of this Court and others. And I would also point to the footnote in Phillips, which refers to the importance of something having been a felony at the founding. I am about three minutes right now, so with the Court's permission, I'll reserve my time. Okay. Thank you very much. Good morning. May it please the Court. Rachel Hernandez on behalf of the United States. This Court squarely rejected as-applied challenges in Vongsay because felons are categorically different from people who have a fundamental right to bear arms. That decision has been viewed as settled law in several cases, including Phillips, on which the defendant relies. The footnote there is dicta and does not alter the conclusion that this defendant's Second Amendment rights are not impermissibly burdened. In other words, a felon is not a, quote, law-abiding, unquote, person. Exactly, Your Honor. And as Your Honor mentioned in your concurrence in Chauvin, you noted that felons throughout history have been subject to forfeiture and disqualification. So this is- And sometimes the death penalty. And sometimes the death penalty. Not here. As to defendant's argument, there was a good deal of discussion about crimes at the founding. I would note that this Court's precedent, first of all, Michaels, which is an unpublished decision. But there, this Court found that his as-applied challenge was properly dismissed because of Vongsay and Phillips. And there, the crimes at issue were securities and tax fraud. I would also point to Binderup, on which defendant relies. And there's language in that case that the question of a crime occurring at the founding is not relevant, that the relevant issue is proper reliance on the legislature and its decisions. And so I would urge you to not consider that as a determining factor here. As the Court noted, if it were to do that, that would eliminate a whole class of crimes that occurred with cars, because there were no cars at the founding. It would eliminate crimes committed with computers. There were no computers. It would eliminate crimes committed with automatic weapons. I don't think those existed at the founding. And so that certainly should not, to the extent the Court feels that there is any opening with the Phillips footnote, whether a crime existed at the founding is certainly not relevant. Is there language in Phillips and Vongsay that explicitly says you can't have an as-applied challenge? Or are you reading between the lines in construing those opinions? Well, I think Vongsay pretty much forecloses that. I'm going to read from a quote. 922 Wasn't the Court there saying, as applied in this situation, he was committing a crime that's potentially, I think it was burglary, I think it was guns? I don't know if it explicitly says you can't categorically have an as-applied challenge. And the language there to me seems a bit vague on whether it's saying you can't have as-applied challenge at all, or if it's saying even as applied in this case. I understand your question. I think looking at some of the unpublished decisions from this circuit would give an indication that other three judge panels have viewed that as banning as-applied challenges. And Phillips itself does. Phillips, notwithstanding the as-applied challenge in Phillips. So what about the hypothetical in Phillips in the footnote, the lollipop? If a state says if someone steals a lollipop from a kid, that's a felony because only really bad people steal candy from a kid. Would that be enough to strip someone of their constitutional right to bear arms? Well, I think, and this is discussed in Binderup in the Third Circuit case, that the Court relies on legislative judgment unless there's a strong reason not to. And so to the extent that anything is left open by that Phillips footnote, I would say it would be in the realm of absurd results in a legislature that categorizes the theft of a lollipop as a felon. Here you have somebody who is not in that realm. This case is not anywhere close to that. He had an aggravated DUI, which was aggravated because he was driving on a suspended license, itself a violation of the law. He was on probation. It was three times the legal limit driving the wrong way on a one-way street. So to the extent Phillips has left something open, it's not this case. I would say that this Court's law, I don't think much is left open. Again, looking at Vonce, Phillips, Vander Heel, Michaels, Duquette, all of those cases reject an as-applied challenge. And even Torres from earlier this year, an unrelated Torres, looking at the first step in the two-step inquiry says, a law does not burden Second Amendment rights if it falls within one of the presumptively lawful regulatory measures identified in Heller. And going back to Judge Bea's concurrence in Chauvin, felons squarely fit in that category. And so for those reasons, we would ask that you affirm the conviction. All right. Thank you very much. No questions? No. Rebuttal, please. Just a few things, Your Honors. The Supreme Court has been very clear in Heller and also in McDonald, which came shortly after, that the fundamental right protected by the Second Amendment is a fundamental right like the others in the Constitution. It is not to be treated as a second-class right. And if we have the government saying the only time they would ever have this Court express or exercise any concern about an absolute bar on exercising this fundamental right would be when the results are absurd, I think that is the epitome of what is treating it as a second-class right. The fundamental right in Heller was described by Justice Scalia as the defense of hearth and home. Your client had about 10 different firearms and was exhibiting them on social media. It wasn't really a hearth and home right? I dispute that, Your Honor. The government agents came into his home and took weapons out of a safe in his home that were there available to protect himself, his children, and his wife, to protect his family. That is, of course, the core of the Second Amendment right. Now, as far as the government saying if you require the felony to have been a felony at the founding, you, quote, eliminate cars, computers, and automatic weapons, all that means is you will apply scrutiny to those situations. You will determine whether they pass, as in Chauvin and similar cases and Binderup, they pass intermediate scrutiny. It doesn't mean people can go about willy-nilly with automatic weapons as long as they committed computer fraud instead of burglary. It means you will apply some actual scrutiny to the dispossession applied to those people with those crimes. And as far as the government relying on the circuit law, including many unpublished cases, of course you know they're not precedential. But beyond that, the fact is even if they were precedential, this argument was not raised in a single one of those cases. Not one of those defendants argued, I am able, I am permitted to make an as-applied challenge because I, my felony, my disqualifying felony was not a felony at the time of the founding. That is expressly held open in the footnote in Phillips, and not one of those cases, since the issue wasn't raised, none of those cases have a holding precedential or not on whether that is a valid way to be able to raise an as-applied challenge in this circuit. Thank you very much. Thank you. Thanks to both counsel for a very interesting argument, and the case of U.S. v. Israel-Torres is submitted for decision.
judges: Bea, Lee, Piersol